UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LINDA ANN WRIGHT,<br><br>  Plaintiff,<br><br>  vs.<br><br>PETRA KUHFAL, BRIAN OGDEN CRAIG, M.D., NANCY CRAIG, KIM S. ERVIN, KUSUM STOKES, PATRICIA FITZGERALD, SAINT JOSEPH HOSPITAL, and UNITED STATES OF AMERICA,<br><br>  Defendants. | Case No: C 09-5752 SBA<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Linda Ann Wright ("Plaintiff"), acting pro se, filed the instant action in Humboldt County Superior Court against various defendants, including Dr. Daniel Dewsup, a physician employed by the United States Department of Veteran Affairs ("VA"). Pursuant to 26 U.S.C. § 2679(d)(2), the United States certified that Dr. Dewsnup was acting in the course and scope of his federal employment at the time of the incident ostensibly giving rise to the action. Upon that certification, the United States was substituted in place of Dr. Dewsnup by operation of law, and the United States then removed the action to this Court.

The parties are presently before the Court on the United States' Motion to Dismiss Plaintiff's Complaint (Docket 9) and Plaintiff's Motion for Leave to Amend Complaint to Add the United States of America, the Department of Veteran Affairs as Defendants to this Case and to Add Pages 17 and 18 to Complaint (Docket 24). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the United States' motion to dismiss and DENIES Plaintiff's motion for leave to amend. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

On October 26, 2009, Plaintiff filed the instant action in Humboldt County Superior Court, seeking $25 million in damages from defendants Petra Kuhfal, Ogden Brian Craig, Nancy Craig, Thomas J. Rydz and St. Joseph Hospital. The Judicial Council form complaint alleges causes of action for breach of contract, as well as for "DEFAMATION OF CHARACTER," and "FRAUD, PRIVACY VIOLATIONS, TORT OF STALKING, HARASS, HIIPA [sic] VIOLATIONS, INFRINGING ON RIGHTS, LIBEL, MALICE, MENACE, DECIET [sic]." Notice of Removal, Ex. A ¶¶ 8-9 (Docket 1). Attached to the form complaint is a typewritten statement which appears to indicate that the gist of Plaintiff's claims is that Defendants placed incorrect information in her medical file.

On or about November 10, 2009, Plaintiff purported to serve Dr. Dewsnup with a Summons and a document styled as an "Amended Complaint." Notice of Removal ¶¶ 2, 3; Geib Decl. Ex. 3 (Docket 12).[1] Dr. Dewsnup is a doctor employed by the VA in Oregon. Geib Decl. ¶ 2. On December 8, 2009, the United States filed a Notice of Removal under 28 U.S.C. § 2679(d)(2) following its certification that the claims alleged against Dr. Dewsnup arise from the course and scope of his employment as a federal employee. Notice of Removal ¶ 3. After the United States removed the action to federal court, Plaintiff filed an "Amended Complaint" in state court on December 4, 2009, naming additional defendants. Geib Decl. Ex. 1.

The United States now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiff has failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, prior to filing suit. Separately, the other Defendants have filed motions to dismiss, pursuant to Rule 12(b)(6). (Docket 35, 47.) Plaintiff has filed responses to the foregoing motions, as well as a one-page motion for leave to amend to join the United States and VA as defendants. (Docket 24.)

---

[1] In suits against the United States, service must be accomplished in accordance with Federal Rule of Civil Procedure 4(i), which requires service, inter alia, upon the local office of United States Attorney and the Attorney General in Washington D.C. Plaintiff failed to comply with this requirement. Green Decl. ¶ 2 (Docket 10).

1 Because the Court's subject matter jurisdiction is a threshold and potentially dispositive issue,
2 the Court addresses the United States' motion first.

## II. <u>LEGAL STANDARD</u>

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." <u>Tosco Corp. v. Cmtys. for a Better Env't</u>, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

A Rule 12(b)(1) motion can be "facial," in which case the Court assumes the truth of plaintiff's factual allegations and draws all reasonable inferences in his favor. <u>Doe v. See</u>, 557 F.3d 1066, 1073 (9th Cir. 2009); <u>Castaneda v. United States</u>, 546 F.3d 682, 684 n.1 (9th Cir. 2008). Or, as here, the motion may be a "factual" or "speaking" motion, where the movant submits materials outside the pleadings to support its motion. If evidence is submitted in support of a motion to dismiss, "'[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" <u>Colwell v. Dept. of Health and Human Servs.</u>, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P 12(h)(3).

## III. <u>DISCUSSION</u>

### A.   F<small>TCA</small> C<small>LAIM</small> A<small>GAINST THE</small> U<small>NITED</small> S<small>TATES</small>

"[T]he United States, as sovereign, is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990) (citation and internal quotations omitted). "[T]he existence of consent is a prerequisite for jurisdiction." <u>United</u>

- 3 -

States v. Mitchell, 463 U.S. 206, 212 (1983); Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  The FTCA provides for a limited waiver of sovereign immunity with respect to some common law torts; namely, suits for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment."  28 U.S.C. § 2675(a); see also Molzof v. United States, 502 U.S. 301, 305 (1992).

As a jurisdictional prerequisite to pursuing a claim under the FTCA, a plaintiff must exhaust administrative remedies prior to filing suit.  28 U.S.C. § 2675(a); Ibrahim v. Dept. of Homeland Sec., 538 F.3d 1250, 1258 (9th Cir. 2008) ("the Federal Tort Claims Act … only waives sovereign immunity if a plaintiff first exhausts his administrative remedies.").  To satisfy this requirement, plaintiff must submit an administrative claim to the appropriate federal agency, which must be finally denied in writing before plaintiff commences a civil action.  Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977).  The obligation to exhaust administrative remedies may not be waived.  Id.  "Because the [exhaustion] requirement is jurisdictional, it must be strictly adhered to."  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Here, the record confirms that Plaintiff never filed an administrative claim against the VA, Dr. Dewsnup or any other federal agency or actor.  Welch Decl. ¶¶ 3-5 (Docket 11); Geib Decl. ¶¶ 3-4.  In fact, nowhere in her numerous filings does Plaintiff dispute that her claims against United States are governed by the FTCA nor does she dispute that she did not exhaust the administrative claim process prior to filing suit.[2]  Having failed to satisfy the jurisdictional prerequisites for maintaining a suit under the FTCA, Plaintiff cannot proceed on her claims

---

[2] Subsequent to the filing of the United States' motion to dismiss, Plaintiff filed plethora of largely nonsensical briefs:  (1) Leave to Leave to Amend Complaint to Add the United States of America, the Department of Veteran Affairs as Defendants to this Case and to Add Pages 17 and 18 to Complaint (Docket 24); (2) Opposition to Summary Judgment, Re:  Motion to Dismiss by Defendants (Docket 40); and (3) Opposition to Motion to Dismiss Coleen Welch, and Opposition to Plaintiff's Leave (Docket 67); (4) Restatement of Definite Statement Re Motion to Dismiss or Alternative (Docket 76); (5) Complaint (Docket 78); and (6) Reply to Federal Employee's Proposed Order to Dismiss (Docket 79, 82).  In none of these filings does Plaintiff refute her failure to exhaust administrative remedies prior to filing this lawsuit.

against the United States.  See Brady, 211 F.3d at 502-503 (9th Cir. 2001) (affirming dismissal of action for lack of subject matter jurisdiction where plaintiff "failed to comply with that statute's jurisdictional requirement that she file an administrative claim").  The United States' motion to dismiss for lack of subject matter jurisdiction is therefore GRANTED.

### B.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires."  Generally, leave to amend is to be granted with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  However, the court may deny leave to amend "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (citation and internal quotations omitted).  The decision to grant or deny a request for leave to amend rests in the discretion of the trial court.  See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

Here, Plaintiff seeks leave to amend to join the United States and the VA as defendants. (Docket 24.)  As an initial matter, Plaintiff's proposed amendment to the complaint is futile. Unless and until Plaintiff properly exhausts her administrative remedies, the Court is without subject matter jurisdiction to consider her claims against the United States.  In any event, the United States has already been substituted as a party to this action in place of Dr. Dewsnup. See 28 U.S.C. § 2679(d)(4).  As to the VA, there is no need to join it as a party since, under the FTCA, the United States is the only proper party where the claims are predicated on the acts of a federal employee.  Id.  Accordingly, Plaintiff's motion for leave to amend is DENIED.[3]

---

[3] The meaning of Plaintiff's reference to adding pages 17 and 18 to the complaint is neither disclosed nor evident from Plaintiff's motion or the attachments thereto.  The exhibits to the motion consist of what appear to be correspondence between Plaintiff and the VA and Medical Board of California, which refer to a myriad of incidents, some dating back to the 1970's.  There is no indication in these exhibits that Plaintiff filed any administrative complaints with the VA in connection with the claims ostensibly alleged in this action or in the correspondence.

### C. SUPPLEMENTAL STATE LAW CLAIMS

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, a federal district court may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may *sua sponte* exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)). Here, only state law claims are alleged against the remaining Defendants. To date, no responsive pleadings have been filed, no discovery has been taken, and no pretrial deadlines or trial date has been scheduled. Given the lack of any federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and remands the action to the state court from which it was removed. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. The United States' motion to dismiss for lack of subject matter jurisdiction is GRANTED. Plaintiff's claims against the United States are dismissed without prejudice for failure to exhaust administrative remedies under the FTCA.

2. The instant action is REMANDED forthwith to the Superior Court for the State of California, County of Humboldt.

3. The motions to dismiss filed by Defendants other than the United States are DENIED as moot. Said denial is without prejudice to renewal in state court.

4. The hearing on the above motions scheduled for June 8, 2010, is VACATED.

5. The Clerk shall close the file and terminate any pending matters.

1  IT IS SO ORDERED.

2  Dated:  June 3, 2010

                                               _/s/ Saundra B. Armstrong_
3                                                 SAUNDRA BROWN ARMSTRONG
                                               United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WRIGHT et al,

        Plaintiff,

  v.

KUHFAHL et al,

        Defendant.
                                   /

Case Number: CV09-05752 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Linda Ann Wright
4579 Cummings Road
Eureka, CA 95503

Dated: June 4, 2010
                                        Richard W. Wieking, Clerk

                                              By: LISA R CLARK, Deputy Clerk